IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JOSE ANGEL GARCIA BALBUENA,** §<br>      Petitioner, §<br> §<br>v.   § <br> § <br>**JOEL GARCIA,** *Acting El Paso Field* §<br>*Office Director, Immigration and Customs* §<br>*Enforcement and Removal Operations, et* §<br>*al.*, §<br>      **Respondents.** § | | EP-26-CV-00090-DB |

## ORDER

On this day, the Court considered the above-captioned case. On January 19, 2026, Petitioner Jose Angel Garcia Balbuena filed a "Verified Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is currently detained in the physical and legal custody of Respondents at the Immigration and Customs Enforcement ("ICE") Processing Center in El Paso, Texas in the Western District of Texas. *Id.* at 6. He argues his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 24. On January 20, 2026, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 2 at 3.

Petitioner is a Mexican national who entered the United States in 2008. ECF No. 1 at 7–8. Upon arrival, he and his family presented themselves at the El Paso port of entry to seek asylum. *Id.* at 8. Respondents initially treated the family as arriving aliens until an asylum officer determined the family demonstrated a credible fear of persecution or torture. *Id.* at 9. As a result, the family was placed full removal proceedings under 8 U.S.C. § 1229a and issued a Notice to Appear. *Id.* On August 12, 2009, Petitioner and his family were released from ICE custody under

an Order of Supervision *Id.* Over sixteen years later, on May 25, 2025, Petitioner was arrested by ICE agents while on a picnic with his wife at Moss Creek Lake in Big Spring, Texas. ECF No. 4 at 1. Petitioner asserts, among other things, that his detention violates his Fifth Amendment due process rights because, to date, he has not been afforded an individualized determination as to flight risk or dangerousness. ECF No. 1 at 14.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025). Respondents attempt to distinguish this case from those previously decided by this Court by arguing Petitioner is subject to mandatory detention as an arriving alien who presented himself at a port of entry and never effected an entry into the United States. ECF No. 3 at 2. According to Respondents, the fact that Petitioner was "paroled and released" after presenting himself at the port of entry "does not change the fact that he is an arriving alien." *Id.* However, Respondents' argument mischaracterizes the facts of this case.

It is true that, upon arrival, Petitioner presented himself at the port of entry in El Paso, TX. ECF No. 1 at 8. However, Petitioner was never paroled into the country. Instead, Petitioner and his family were released pursuant to an Order of Supervision. *Id.* at 9; *see also* ECF No. 1–2 at 13–14. As such, Petitioner falls squarely within the category of noncitizens this Court has previously held are entitled to a bond hearing. *See Vieira*, 2025 WL 2937880, at *1–2 (holding petitioner, who upon arrival presented himself at a port of entry and was subsequently released on his own recognizance, was entitled to a bond hearing); *Chauhan v. Noem*, No. EP-25-CV-00574-DB, at 1, 3 (W.D. Tex. Oct. 16, 2025) (same). The Court reiterates its original holding that noncitizens who

have "established connections" in the United States by virtue of living in the country for a substantial period acquire a liberty interest in being free from government detention without due process of law. *Dept. of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020). Because the Government released Petitioner and permitted him to live in the United States for over sixteen years, they cannot revoke that liberty without an individualized determination of the need to do so.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b),[1] **IT IS HEREBY ORDERED** Petitioner's "Verified Petition for Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL PROVIDE** Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than February 17, 2026.**

---

[1] This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) issued on February 6, 2026, determining Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change this case's outcome on procedural due process grounds. In its original due process analysis, this Court accepted without deciding Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) ("The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls within it. Even assuming without deciding Respondent's reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge.").

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court when the bond hearing will be held in accordance with the preceding order **no later than February 16, 2026**.

**IT IS FINALLY ORDERED** Respondents **SHALL FILE** an advisory informing the Court, in detail, of the reasons for the IJ's bond hearing decision **no later than February 24, 2026.**

**SIGNED** this **13th** day of **February 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE